**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) |
| JAMES VORLEY and CEDRIC CHANU, | ) No. 18 Cr. 35 (Tharp, J.)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL DISCLOSURE OF STATISTICAL ANALYSES**

Defendants James Vorley and Cedric Chanu respectfully submit this memorandum of law in support of their motion, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Due Process Clause of the U.S. Constitution, to compel disclosure of statistical analyses on which the government's expert relied in forming his opinions, as well as any other statistical analyses of trading data that the government intends to introduce at trial.[1]

**BACKGROUND**

On several occasions, the government has indicated to the defendants and the Court that it intends to introduce "summary statistics" concerning the defendants' trading on the COMEX futures exchange into evidence at trial. Ex. A, Tr. 10/31/19 at 24:13-25:2 (Mr. Perry noting that "summary statistics" would be used at trial); Ex. B, Tr. 11/26/19 at 14:23-14:25 (Mr. Perry stating "[w]e are going to be presenting summary statistics about the entirety of the defendants' trading over the period at issue"); *id.* at 26:9-20 (Mr. Perry describing the "summary

---

[1] Pursuant to Local Rule 37.2, on February 25, 2020 at 11:00am, counsel for Mr. Vorley (Roger Burlingame, Matthew Mazur, Lauren Bowman, and Christopher Burrichter), counsel for Mr. Chanu (Michael McGovern and Katherine McDonald), and counsel for the government (Avi Perry, Brian Young, and Leslie Garthwaite) held a meet and confer call to discuss the defendants' request for disclosure of the government's statistical analyses. The government stated that it does not intend to supplement its expert disclosures or produce the statistical analyses at this time.

1

statistics"). In addition, on February 4, 2020, the date by which the government was required to make its expert disclosures, the government disclosed that one of its experts, Professor Kumar Venkataraman, will testify that certain orders placed by the defendants were "inconsistent with an intent to execute and instead were consistent with an intent to cancel." Ex. C, Gov't Expert Disclosures, Feb. 4, 2020, at p. 4. According to the government, Professor Venkataraman's opinion will be based on his analysis of the trading data as a whole (i.e., not just the "episodes" previously identified by the government), including "certain trends observable within the defendants' overall trading activity." *Id.* at p. 5.

On February 10, 2020, the defendants sought further expert disclosures pursuant to Rule 16(a)(1)(G), including the government's "summary statistics." Ex. D, Letter from M. Mazur, Feb. 10, 2020 (citing *United States v. Williams*, 900 F.3d 486, 488-89 (7th Cir. 2018)), at p. 2 & n.1. With respect to Professor Venkataraman, the government responded that his opinion will be based on the fact that certain order types "tend to have lower fill rates and ratios, lower full-fill rates, and shorter durations than other resting orders placed by the defendants." Ex. E, Letter from B. Young, Feb. 12, 2020, at p. 2. The government further disclosed that Professor Venkataraman will describe six other characteristics of the defendants' trading in support of his opinion: "(1) the use of iceberg versus non-iceberg orders; (2) rapid cancelations following partial fills of the fully-displayed large or grouped orders, including where the filled position is subsequently unwound; (3) cancelations when prices are moving in the direction of the fully-displayed large or grouped orders, including where the order is not subsequently replaced at the more favorable price; (4) consistent failure to execute the fully-displayed large or grouped orders at favorable prices; (5) the speed with which the fully-displayed large or grouped orders are canceled after the opposite-side iceberg orders are filled, with no subsequent replacement of the fully-displayed large or grouped orders; and (6) cancelations and replacement of the

2

fully-displayed large or grouped orders multiple times over the course of a particular trading sequence." *Id.* at pp. 2-3.

In response to this supplemental disclosure, the defendants requested the statistical analyses on which Professor Venkataraman relied in forming his opinion—including analyses of such characteristics as "fill rates and ratios," "cancelations," and "speed"—as well as the "summary statistics" concerning the defendants' trading that the government intends to introduce at trial. Ex. F, Letter from M. Mazur, Feb. 14, 2020, at pp. 1-2. The defendants cited Rule 16(a)(1)(F), which requires disclosure of the results of any scientific test or experiment that is material to the preparation of the defense or the government intends to use in its case-in-chief at trial, and Rule 16(a)(1)(G), which requires disclosure of the "bases and reasons" for an expert's opinion. *Id.* p. at 2. Without citing any authority, the government has declined to produce the requested analyses in response to the defendants' specific requests.

## ARGUMENT

This Court has already recognized that the defense has a right to disclosure of the "selection criteria" employed by the government to identify potential instances of spoofing, notwithstanding the fact that the government does not intend to introduce the criteria into evidence at trial. The criteria, as the court recognized, are material to the preparation of the defense because they could support an argument that the government systematically ignored potentially exculpatory evidence. Order, Dkt. 158, at pp. 4-5. Now, the government has refused to disclose evidence—in the form of statistical analyses of the trading data—that it *does* intend to introduce in its case-in-chief at trial. The analyses, moreover, concern the defendants' overall trading activity, as opposed to the smaller number of "episodes" that the government has identified as the universe of trading activity as to which it will present evidence. There is no legitimate basis for the government to withhold this critical evidence.

The government's refusal to disclose "[a]t the defendant's request" its statistical analyses of the trading data that it intends to introduce into evidence in its case-in-chief at trial contravenes the plain language of Rule 16, the requirements of due process, and the efficient administration of trial. Fed. R. Crim. P. 16(a)(1)(F) & (G). Rule 16 specifically and unambiguously requires the government to disclose its evidence to the defense. *See Williams*, 900 F.3d at 489 ("To help the defendant prepare for trial, the disclosure must summarize what the expert will actually say about those topics."); *United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001); *see also United States v. Yoon*, 128 F.3d 515, 526 (7th Cir. 1997) (holding that government provided adequate expert disclosure by providing underlying evidence and "summary charts"); *United States v. D'Arco*, No. 90 CR 1043, 1991 WL 140921, at *3 (N.D. Ill. June 26, 1991) (granting Rule 16 motions requiring the government "financial analyses it intends to use at trial" and "expert tests, scientific reports which the government may obtain or conduct in preparation for trial"); *United States v. McDonnell*, 696 F. Supp. 356, 362-63 & n.7 (N.D. Ill. 1988) (requiring production of "financial analyses" by September 30, more than six weeks in advance of trial scheduled for November 14).

Without prompt disclosure of the statistical analyses, the defendants cannot (1) provide the analyses to defense experts for them to evaluate; (2) prepare responsive expert disclosures challenging Professor Venkataraman's opinions; (3) identify flaws in the analyses that could form the basis for a motion to exclude Professor Venkataraman's testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert*; or (4) effectively cross-examine the government's witnesses at trial. Moreover, the government's reliance on statistical evidence derived from defendants' overall trading—spanning a five-year period and thousands upon thousands of transactions—effectively expands the universe of relevant trading data well beyond the 150 "episodes" the government has previously identified and on which the defendants have accordingly focused. Prompt disclosure of the analyses is therefore even more

important, in order to ensure that the defense has adequate time to evaluate this evidence in advance of trial and, if necessary, to file appropriate pretrial motions.[2]

This Court should therefore order the government to disclose the statistical analyses on which Professor Venkataraman relied in forming his opinion, as well as any other analyses of the trading data that the government intends to introduce at trial.

## CONCLUSION

For the foregoing reasons, this Court should order the government to disclose promptly the statistical analyses on which Professor Venkataraman relied in forming his opinion, as well as any other analyses of trading data that the government intends to introduce at trial.

Dated: February 25, 2020                                   Respectfully submitted,

*/s/ Matthew L. Mazur*                                     */s/ Michael G. McGovern*
Roger A. Burlingame                                        Michael G. McGovern (*pro hac vice*)
Matthew L. Mazur (*pro hac vice*)                          Helen Gugel (*pro hac vice*)
Dechert LLP                                                Megan A. McEntee (*pro hac vice*)
160 Queen Victoria Street                                  Ropes & Gray LLP
London EC4V 4QQ                                            1211 Avenue of the Americas
United Kingdom                                             New York, NY 10036
Phone: +44 20 7184 7000                                    Telephone: (212) 596-9000
Matthew.Mazur@dechert.com                                  michael.mcgovern@ropesgray.com
Roger.Burlingame@dechert.com                               helen.gugel@ropesgray.com
                                                           megan.mcentee@ropesgray.com
Christopher Burrichter
Dechert LLP                                                Aaron M. Katz (*pro hac vice*)
35 West Wacker Drive, Suite 3400                           Ropes & Gray LLP
Chicago IL 60601                                           800 Boylston Street
Telephone: (312) 646-5800                                  Boston, MA 02199
Christopher.Burrichter@dechert.com                         Telephone: (617) 951-7000
                                                           aaron.katz@ropesgray.com

***Attorneys for James Vorley***

---

[2] This motion concerns only the government's obligations to disclose the statistical analyses it intends to introduce at trial. The defendants reserve the right to object to the introduction of the government's statistical analyses, including the "summary statistics." Moreover, the defendants do not concede the adequacy of the government's other expert disclosures or the admissibility of any of its proposed expert testimony.

5

Laura G. Hoey
Ropes & Gray LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1318
laura.hoey@ropesgray.com

***Attorneys for Cedric Chanu***

**CERTIFICATE OF SERVICE**

    I, Matthew L. Mazur, hereby certify that on February 25, 2020, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

                                                            */s/ Matthew L. Mazur*
                                                             Matthew L. Mazur