**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| v. | ) ) No. 18 Cr. 35 (Tharp, J.) |
| JAMES VORLEY and CEDRIC CHANU, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S SANTIAGO PROFFER CONCERNING STATEMENTS "IN FURTHERANCE"**

The government has still failed to establish how certain statements contained in electronic chat communications were "in furtherance" of the alleged conspiracy, despite the Court giving them a second chance. Defendants' rely primarily on their initial *Santiago* Proffer Response, which includes a chart addressing why the statements the government seeks to admit are not in furtherance of the alleged conspiracy. *See* Dkt. 268, *Santiago* Response. This supplemental response addresses chats involving the defendants and other named individuals which clearly are not in furtherance of the alleged conspiracy.[1]

The government has conceded that a number of chats it originally identified should not be permitted as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). These chats include those dated November 18, 2010 (Chat 11), July 21, 2011 (Chat 16), March 24, 2011 (Chat 15), and August 24, 2011 (Chat 21). Dkt. 297 at 19-21, 24. At the pre-trial status conference the

---

[1] This opposition does not address the chats in the government's initial *Santiago* Proffer dated December 16, 2009 (Chat 7), February 2, 2011 (Chat 12), February 8, 2011 (Chat 13) and December 20, 2012 (Chat 24), as the government's supplemental proffer notes that no longer plan to introduce these chats. *See* Dkt. 297, Supp. Proffer, at 15, 19, 25.

1

government also conceded that the June 26, 2007 (Chat 1) chat should not come in as a coconspirator statement. 9/4/20, Hr'g Tr. 40: 20-24.

The chat dated January 29, 2009 between Teng Kong Ong and Cedric Chanu (Chat 3) is also not admissible as a conspirator statement. The government states that this chat is an example of Chanu spoofing to help Ong. Dkt. 297 at 11. As noted by the government, in the chat Ong writes, "you flashing bids to help me get done?" and Chanu responds, "yep." *Id*. Ong then replies, "nice." *Id*. Chanu later says, "just to trigger the algorithm." *Id*. During the pre-trial conference, the government asserted that Ong's statement "would be admissible for context because Chanu adopts it by saying 'yep,'" just before Chanu states "just to trigger the algorithm." 9 /4/20, Hr'g Tr. 44: 20-23. Ong's statement is not admissible in furtherance of the conspiracy because the government has not established that he was a party to an agreement to engage in wire fraud as alleged here. *United States v. Quiroz*, 874 F.3d 562, 570 (7th Cir. 2017) (noting that a statement can only be admitted as a statement of a co-conspirator and if the defendant and declarant were involved in the conspiracy).

Similarly, the chat dated November 16, 2010 (Chat 10) involving Chanu, Ronan Donohoe, Luigi Gentile, and Daniel Swasbrook is not admissible for the same reasons  The chat relates to Swasbrook mistakenly buying 74,000 ounces of gold instead of 7,400 and Chanu trading to help the bank get out of the unwanted position. Dkt. 297 at 17-18. The full text of the chat reveals that Swasbrook's mistake would have been booked to the FX desk, because he was an FX trader, and would not have been connected to the PnL of the precious metals desk. Dkt. 268 at 7, 23. The government asserts that Chanu's statements are admissible as coconspirator statements and that the statements of Gentile and Swasbrook should come in for context, (Dkt. 199 at 37), including to "convey the urgency with which Mr. Chanu" sold (9/4/20, Hr'g Tr. 47: 4-7). The government

has not established that Swasbrook, an FX trader, was part of the conspiracy and has conceded that Gentile is not part of the conspiracy. *See id.* at 47: 8-14. Thus, the statements contained in this chat are inadmissible as coconspirator statements.

The government states that it expects David Liew to testify that (1) Adam Farthing "encouraged him to spoof and learn from [James] Vorley and Chanu" and that (2) Farthing "advised him that his profitability would impact his bonus." Dkt. 297 at 25. This testimony will not establish Farthing's participation in the alleged conspiracy. Liew has told the government that the traders at Deutsche Bank did not use the term spoofing; that Farthing encouraged him to learn from Vorley and Chanu; and that his bonus could be impacted by profitability. Farthing's alleged conversations with Liew did not establish his participation in the conspiracy.

These statements are grounded in Liew's subjective memory, and there is evidence to the contrary, and do not establish Farthing's participation in the alleged conspiracy. While Liew's alleged conversations with Farthing may be admissible for Liew's state of mind, they are not admissible for the truth as co-conspirator statements.

## CONCLUSION

For the foregoing reasons, and those identified in Dkt. 268, the government's motion for preliminary admission of co-conspirator statements should be denied.

Dated: September 8, 2020 Respectfully submitted,

/s/ Roger A. Burlingame

Roger A. Burlingame
Matthew L. Mazur *(pro hac vice)*
Lauren A. Bowman *(pro hac vice)*
Dechert LLP
160 Queen Victoria Street
London EC4V 4QQ
United Kingdom
Phone: +44 20 7184 7000
Roger.Burlingame@dechert.com

/s/ Michael G. McGovern
Michael G. McGovern (*pro hac vice*)
Helen Gugel (*pro hac vice*)
Megan A. McEntee (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Michael.McGovern@ropesgray.com
Helen.Gugel@ropesgray.com
Megan.McEntee@ropesgray.com

3

Matthew.Mazur@dechert.com
Lauren.Bowman@dechert.com

Christopher Burrichter
Dechert LLP
35 West Wacker Drive, Suite 3400
Chicago IL 60601
Telephone: (312) 646-5800
Christopher.Burrichter@dechert.com

***Attorneys for James Vorley***

Aaron M. Katz (*pro hac vice*)
Katherine M. McDonald (*pro hac vice*)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Aaron.Katz@ropesgray.com
Katherine.McDonald@ropesgray.com

Laura G. Hoey
Ropes & Gray LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1318
Laura.Hoey@ropesgray.com

***Attorneys for Cedric Chanu***

## **CERTIFICATE OF SERVICE**

    I, Roger A. Burlingame, hereby certify that on September 8, 2020 the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

                                                                      */s/ Roger A. Burlingame*
                                                                      Roger A. Burlingame